UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:08 CR-24-H

UNITED STATES OF AMERICA                                             PLAINTIFF

VS

ANTWONE MAURICE SHAW                                              DEFENDANTS
AMBER LANAY BROWN

**MEMORANDUM OPINION AND ORDER**

Defendants Amber Lanay Brown and Antwone Maurice Shaw were indicted on various drug trafficking charges. They recently moved to suppress from evidence all items seized as the result of the execution of a search warrant at Defendant Brown's apartment on March 8, 2007. The Court referred the matter to Magistrate Judge Dave Whalin, who entered a Report and Recommendation granting Defendants' Motion to Suppress. The matter is now before the Court on the government's objection. After carefully considering the issues, the Court finds that the motion to suppress should be denied.

The Magistrate's Recommendation thoroughly and accurately describes the law regarding probable cause. The Court disagrees only with the Magistrate's specific reliance on *United States v. Weaver*, 99 F.3d 1372, 1377-80 (6th Cir. 1996) and *United States v. Bryant*, 951 F.Supp. 674, 679 (E.D. Mich. 1997), to decide the facts of this case. Though the Court agrees with the government that *United States v. Allen,* 211 F.3d 970, 975 (6th Cir. 2000), is helpful, the Court believes that none of the Sixth Circuit cases definitely resolve the issue. Ultimately, this case presents a close call and the Court reluctantly differs with the Magistrate's ultimate judgment regarding whether the affidavit sets forth sufficient facts for a finding of probable

cause.[1]

In their original motion,[2] Defendants alleged that the information in Detective Bower's affidavit was insufficient to establish probable cause to believe that illegal drugs or contraband would be found in Brown's apartment at the time of the search. The Magistrate agreed, finding that because the affidavit did not contain sufficient indicia of the informant's reliability, Detective Bower should have offered substantial independent corroboration of the informant's accusations. Detective Bower failed to do this, the magistrate reasoned, because he only corroborated innocuous facts and facts discoverable through public records. The Magistrate relied on *Weaver,* 99 F.3d at 1376-77, to support his assertion that "the corroboration of purely innocuous facts ordinarily will not be sufficient, standing alone, to satisfy the requirement of substantial independent corroboration of the claims of an unidentified informant." *See also United States v. Ingram*, 1993 U.S. App. LEXIS 924 at *4 (6th Cir. Jan. 13, 1993)("merely verifying public information such as addresses, phone numbers, license numbers, and even criminal records in not sufficient to corroborate an informant's statement"). The Magistrate's recommendation also cites an Eastern District of Michigan case with a similar holding. *Bryant*, 951 F.Supp. at 679 ("[T]he law is clear that 'merely verifying public information such as addresses ... and criminal records is not sufficient to corroborate an informant's statement.'").

In contrast, the government relies on *United States v. Allen*, a Sixth Circuit case that focuses on the informant's reliability, and thus does not get to the issue of corroboration. 211 F.3d 970, 975 (6th Cir. 2000)(en banc). In *Allen*, an en banc court of the Sixth Circuit deemed

---

[1] The United States does not object to the Magistrate's "Material Facts" and the Court also finds no reason to do so.

[2] Shaw filed the original motion; Brown joined in later.

sufficient statements of reliability that were similar, albeit slightly more detailed, than the ones at issue in this case. *Id.* at 976. The main difference between the *Allen* affidavit and the one here is that the detective in *Allen* provided the court with the name of the confidential informant. *Id.* at 971.

Sixth Circuit case law on probable cause is extensive and, at times, somewhat contradictory. This Court would give more weight to the opinion in *Allen*, because it was decided by the full court, is more recent than *Weaver*, and limits *Weaver* to its facts. *Id.* at 974 (noting that "Weaver's holding that the uncorroborated search warrant was defective is limited to the facts of that case. Weaver does not support the general propositions that a CI's information must always be independently corroborated by police.") The *Allen* court also said that the problem with the affidavit in *Weaver* was that it did not contain "any indication of probable cause to suspect *drug trafficking*, the offense for which the warrant was expressly being sought." *Id.* (emphasis added). Thus, the reason the affidavit was deficient in *Weaver* is not relevant here. In the end, neither *Allen* nor *Weaver* fully resolves the issue in this case.

Nevertheless, *Allen* is more helpful because it suggests that the affidavit here at least comes *close* to establishing the informant's reliability. In this Court's opinion, the affidavit *was* sufficient to establish the informant's reliability because the detective asserted that the informant: 1) was reliable in the past, 2) knew the drug trade, 3) was present recently when drugs were sold, and 4) asserted other information about the living arrangements and criminal history of the defendants. But, even assuming the affidavit did not establish reliability, Detective Bower compensated for that flaw with his corroboration. He determined that Defendant Shaw had a prior drug conviction. This fact makes the informant's information seem even more likely true.

The detective's corroboration did more than rely on the public records.[3] He also confirmed that the black male the informant called "Punkin" was Defendant Antwone Shaw. He further confirmed, through Defendant Brown's apartment manager, that a black male named Antwone lived at that address. This is direct confirmation of the informant's truthfulness.

Though both the affidavit's facts establishing reliability and its corroboration leave something to be desired, the Court believes that when viewed in its totality, the affidavit is sufficient to establish probable cause. *See Illinois v. Gates*, 462 U.S. 213 (1983)(describing the totality-of-the-circumstances approach). The other corroboration suggested in the Magistrate's opinion, such as a stake-out or controlled buy, could have rendered the tip stale. They also set too high a standard for what should constitute corroboration. Thus, the Court finds that the combination of the statements about the informant's reliability and the corroboration of the detective were sufficient to allow an issuing judge to conclude that the information in the affidavit supported a finding of probable cause.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Magistrate's Report and Recommendation is REVERSED and Defendants' Motion to Suppress is DENIED.

---

[3] Though *Ingram*, 1993 U.S. App. LEXIS 924 at *4, may properly stand for the rule that mere corroboration of public records is not sufficient, this Court does not read *Weaver* as creating a broad rule that confirmation of innocuous facts is insufficient to corroborate an informant's statements. Such an interpretation runs contrary to the broader totality-of-the-circumstances approached set forth by the Supreme Court in *Illinois v. Gates*, 462 U.S. 213 (1983).

cc: Counsel of Record